IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JORDAN S. HENDERSON,** | CASE NO. 4:22 CV 1851 |
| Petitioner, | JUDGE CHARLES E. FLEMING |
| v. | |
| **WARDEN WANDA JACKSON-MITCHELL** | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner Jordan Henderson has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, seeking relief from a state sentence imposed on him pursuant to a 2020 conviction in the Allen County Court of Common Pleas. (ECF No. 1). The Petition was originally filed in the District Court for the Southern District of Ohio, and it was subsequently transferred here. (*See* ECF No. 2). It does not appear from the docket that Petitioner has paid the filing fee or filed a motion to proceed *in forma pauperis*. Nonetheless, for the reasons state below, the Court finds that the Petition must be dismissed without prejudice.

### STANDARD OF REVIEW AND DISCUSSION

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If so, the district court must summarily dismiss the petition.

Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" habeas petitions that lack merit on their face).

It is apparent on the face of the Petition that Petitioner is not entitled to habeas corpus relief in federal court. Before a federal court may grant habeas relief to a state prisoner, the prisoner must demonstrate he exhausted all remedies available to him in state court. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

Petitioner indicates on the face of his Petition that he has not raised his claims or pursued appeals in either the Ohio Court of Appeals or the Ohio Supreme Court. (*See* ECF No. 1 at 2, ¶¶ 8–9.) Accordingly, any claims he raises in his Petition challenging his Allen County conviction or sentence have not been fully exhausted as required to pursue federal habeas corpus relief.

## Conclusion

Accordingly, the Petition in this matter is dismissed pursuant to the Rule 4 of the Rules Governing § 2254 Cases without prejudice to refiling after exhaustion of state-court remedies. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**Dated: November 22, 2022**

*[signature: Charles Fleming]*

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**